UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVE MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3513-HGB-SS** |
| **UNIVERSAL COMPRESSION, INC.** | |

**ORDER**

DEFENDANT'S MOTION TO STRIKE OR EXCLUDE PORTIONS OF PLAINTIFF'S *ERRATA* SHEET, OR IN THE ALTERNATIVE, TO RE-DEPOSE PLAINTIFF AS TO THOSE CHANGES (Rec. doc. 17)

    **DENIED**

DEFENDANT'S MOTION TO COMPEL DISCOVERY (Rec. doc. 18)

    **GRANTED IN PART AND DENIED IN PART**

Before the undersigned are two discovery motions. In the first, the defendant, Exterran, Inc. ("Exterran"), seeks an order striking changes made by the plaintiff, Steve Miller ("Miller"), to the transcript of his deposition. In the alternative, Exterran seeks order requiring Miller to be re-deposed on the changes. For the reasons described below this motion is denied.

In the second motion, Exterran urges that Miller's counsel improperly instructed Miller to not answer a question concerning the date on which he first talked to an attorney. Exterran contends that it should be permitted to ask follow-up questions concerning the events which led up to the decision to talk to counsel. Exterran requests sanctions for filing the motion. For the reasons described below the request to re-depose Miller concerning the date on which he first talked to an attorney and time line of events between the date of the alleged accident and when he first sought treatment two weeks later is granted. The request for sanctions is denied.

Exterran deposed Miller on April 30, 2008.  On May 27, 2008, Miller submitted an *errata* sheet with changes, including changes to the responses on pages 98-99.  Rec. doc. 17 (Exhibits A and B); and see also Rec. doc. 17 at p. 4.  Pursuant to Fed. R. Civ. P. 30(e), changes in the form or substance of a deponent's answers are permitted.  The original answers remain part of the record and are admissions of the party that can be read at trial.  7 James Wm. Moore, et al., Moore's Federal Practice ¶ 30.60[4] (3d ed. 1997).

> [E]ven though the post-deposition changes are not subject to immediate cross-examination, there is no great risk of successful manipulation.  In the absence of an express direction from the Federal Rules, permitting unrestricted changes is therefore preferable to judicial oversight of this aspect of discovery practice.

Id. at ¶ 30.60[3].  Miller has made changes in the substance of his responses, but these are permitted by Rule 30(e).  Exterran's first motion will be denied.

Exterran reports that: (1) the alleged accident on an offshore oil platform occurred on July 3, 2006; (2) Miller did not seek immediate medical treatment; (3) the following day he left the platform and returned home; and (4) about two weeks later he saw "walk-ins welcome" sign for a doctor and went in.  During the April 30, 2008 deposition, Miller was asked, "[w]hen is the first time you talked to an attorney."  Rec. doc. 18(Exhibit A at 106).  Miller's counsel objected on the ground that the information was not relevant and not reasonably calculated to lead to admissible evidence.  Miller was instructed to not answer the question.  Id.

Fed. R. Civ. P. 30(c)(2) provides that, "[a] person may instruct a deposition not to answer only when necessary to preserve a privilege, to enforce a limitation by the court, or to present a motion under Rule 30(d)(3)."  Id.  Miller contends that the information sought is not relevant.  He urges some flexibility in the application of Rule 30(c)(2).  The rule was amended in 1993 to prohibit directions to a deponent not to answer a question except in three circumstances.  Fed. Rule Civ. P.

30(c) Advisory Committee's Note, 1993 amendments. He has not cited any decisions since the amendment of the rule, which called for flexibility in its application.

Based on Miller's deposition, the date on which he first talked to an attorney, as well as the time line of events between the date of the alleged accident and when he first sought treatment two weeks later, is reasonably calculated to lead to the discovery of admissible evidence. The information is not protected by the attorney-client privilege.

Exterran may conduct a telephone deposition of Miller. It shall be limited to when he first consulted an attorney and to questions concerning the time line of events between the date of the alleged accident and when he first sought treatment two weeks later. It may not go beyond the date of Miller's initial treatment. Any objections to the questions shall be made in accord with the requirements Fed. R. Civ. P. 30(c)(2). It is not necessary for Miller to appear in person for this questioning.

IT IS ORDERED that: (1) defendant's motion to strike or exclude portions of plaintiff's errata sheet (Rec. doc. 17) is DENIED; and (2) defendant's motion to compel (Rec. doc. 18) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 20th day of October, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**